### J. M. WILSON v. S. J. GALBRAITH ET AL.

#### SUPREME COURT, AUSTIN TERM, 1882.

*Attachment—Writ issued to county not named in prayer of petition.*—In an action wherein an attachment issues, the fact that the prayer of the petition omits the name of the county to which the process issued may not be fatal, if the petition contains allegations showing that there was property in that county subject to attachment.

*Same—Delay in issuing writ.*—The failure to cause the writ of attachment to issue until fifteen months after filing the affidavit and bond is good ground for quashing the writ.

*Principal and agent—Agent's deposit of principal's funds—Application of such deposits, made by depositee.*—Where an agent deposits, in his own name, the money of his principal with one who *bona fide* believes it to be the property of the agent, such third person may appropriate such money to the payment of advances made by him to such agent on the strength of such deposit; but he cannot, as against the principal, appropriate the same to the payment of an antecedent debt of the agent to him.

*Same—Statute of limitations—Negligence of plaintiff's attorneys—Fraudulent concealment of cause of action.*—Where the attorney of the plaintiff, at the time he files an original petition, has notice of the existence of a cause of action against such third person, but allows the statute of limitations to run before, by amendment, making such third person a party, alleged fraudulent concealment by the latter of such cause of action is no avoidance of a plea of the statute of limitations.

Appeal from Fannin county—A. J. Peeler and S. R. Fisher for appellant. W. A. Evans for appellees.

Opinion by Delaney, J.—The original petition in this cause was filed June 7, 1872, by appellant against appellee Galbraith, alleging

that defendant, as plaintiff's agent, had sold for him a tract of 1107 acres of land in Fannin county for about $6000; that he had collected a large amount of the money and appropriated it to his own use, except the sum of $400, gold, which had been received by plaintiff; and prays for judgment against him for $2174.81, the amount collected and used by defendant, and for $3000 as exemplary damages.

September 6, 1872, defendant answered by a general demurrer and a general denial.

October 19, 1872, plaintiff amended, alleging that since the institution of this suit he had learned that defendant Galbraith had, for the purpose of hindering and defrauding petitioner, assigned to one John B. Abernathy a large number of claims which he held against other parties, and had, on the first day of April, 1872, conveyed to said Abernathy certain tracts of land lying in Denton and Ellis counties; that these conveyances, though ostensibly made for a valuable consideration, were, in fact, without consideration, and were made for the purpose of defrauding plaintiff, and that the equitable title is still in Galbraith; that there are numerous judgments against said Galbraith, rendered in Fannin county, rendered by courts of record in said county before the first day of April, 1872, which are a lien upon his lands in that county; and that his property in said county of Fannin is not sufficient to pay said debts.

Prayer for process against Abernathy; prayer, also for attachment against Galbraith, to be directed to the sheriff of Fannin county, directing him to attach said lands and other property of Galbraith, etc.

The attorney for plaintiff makes affidavit that the allegations in this petition are, " to the best of his information and belief, correct." Bond and affidavit for attachment made in Guadalupe county (plaintiff being a citizen of that county), dated July 8, 1872, and filed same day as the petition. Same day attachments issue to Ellis and Denton counties, which are returned, levied on lands of Galbraith.

October 6, 1873, attachment against Galbraith issued to Fannin county, without other bond or affidavit, which are returned, levied on lands of Golbraith.

January 5, 1874, these attachments were, on motion of Galbraith, quashed, and plaintiff excepted.

June 23, 1874, plaintiff again amended, making David Rhine, of

Fannin county, a party, alleging that Rhine had received, on deposit from Galbraith, $1200 of the money above mentioned, well knowing that the same belonged to plaintiff, and had appropriated it to his own use, giving Galbraith credit therefor on a settlement had with him; that plaintiff did not discover this fraud on the part of Rhine until within after twelve months after the filing of this amendment, on account of Rhine's concealment of the fact, though plaintiff had used due diligence to discover the same; praying judgment against Rhine for the amount of $1200.

September, 1874, Rhine answered by a general demurrer, general denial and the statute of limitations of two years.

September 26, 1876, Galbraith put in a plea that he had on the —— day of ——, 187 —, filed his petition in bankruptcy, in the United States Bankrupt Court, and the lands attached were returned by him in his schedule of assets, but he had not yet been discharged.

September 28, 1876, trial was had by the court, and judgment rendered for plaintiff against Galbraith for $1759.23, gold, with 8 per cent interest, and costs; but that as against defendant, David Rhine, plaintiff take nothing. Plaintiff appealed, assigning for error the quashing of the attachments and the judgment in favor of Rhine.

*Opinion.*—The first assignment of error is the judgment of the court quashing the writs of attachment. The motion to quash was based upon several grounds, one of which was that the writs issued to the counties of Ellis and Denton were issued without application therefor. There was no prayer in the petition for an attachment to either of these counties. The prayer was for the issuance of the writ to the sheriff of Fannin county, in which the suit was brought.

The better practice would certainly be to pray specially for the process which is desired. The petition is required to be filed before the attachment issues, and it ought to give to the court and to the defendant full information of the plaintiff's cause of action and of the relief he seeks. We are not prepared to say, however, that the mere omission from the prayer of the name of the county to which the process issued would be fatal, when the petition contained allegations which showed that there was property in that county subject to attachment. It does not become necessary, however, for us to express a positive opinion on this subject, as there is another ground in

the motion which would sustain the court in its action. The affidavit was made, and the bond executed on the eighth of July, and the attachment was not issued until the nineteenth day of the following October.

Appellant has referred us to no case, nor have we been able to find one in our own State or elsewhere, which would excuse such an extraordinary delay. The attachment to Fannin county was issued nearly fifteen months after the affidavit was made and the bond given. We conclude that there was no error in quashing the attachment.

The second assignment is that the court erred in rendering judgment in favor of Rhine.

The record shows that Galbraith deposited plaintiff's money with Rhine, and that Rhine appropriated it to the payment of an antecedent debt of Galbraith to him. This he had no right to do, and his belief that the money belonged to Galbraith does not alter the case. We find nothing in the record to give notice to Rhine that the money belonged to plaintiff, or to any one else than Galbraith. Still his freedom from any fraudulent intent did not give him the right to use the money as he did, merely because it was in his safe or under his control. It appears that the money was deposited in Galbraith's name. Now, if Rhine, believing the funds to belong to Galbraith, and upon the faith of the deposit had made advances to Galbraith, then he would have had the right to indemnify himself out of this fund for such advances. (Commercial v. Jones, 18 Texas, 820, 821; 3 Howard, 736.) And this is upon well established principles of equity, for if a principal entrust money to an agent, he, and not innocent third persons, must suffer by the carelessness or bad faith of the agent. But there is another element in the case. Defendant Rhine pleads the statute of limitations. Plaintiff, to avoid the bar, alleges fraudulent concealment. The money was deposited with Rhine in 1871, and was appropriated by him in December of that year. Suit was brought against Galbraith June 7, 1872.

The amended petition making Rhine a party was filed June 23, 1874. We find in the record no evidence of fraudulent concealment on the part of Rhine. On the contrary, it appears from the evidence that plaintiff's counsel knew as much about Rhine's connection with the case when he filed his original petition as when he filed his last amendment making him a party.

Finding no error in the judgment, our opinion is that it should be affirmed.

Report of Commissioners of ·Appeals examined,· their report adopted, and judgment affirmed.—GOULD, C. J.